JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CECIL KAPLAN

Plaintiff,

-against-

LEADING EDGE RECOVERY SOLUTIONS LLC,

Defendant.

------------------------------------------------------------

11 CIV 7858 RJH
ECF CASE

CLASS ACTION
COMPLAINT

NOV 3 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on plaintiff's behalf and on behalf of all others similarly

situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of

the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.      This action seeks redress for the illegal practices of Defendant, concerning the

collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.      This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.      Venue is proper in this District because the acts and transactions that give rise to

1

this action occurred, in substantial part, in this District. Additionally, plaintiff resides within the Southern District.

4.     Plaintiff is a resident of New York County, in the State of New York.

5.     Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6.     Upon information and belief, Defendant is an active Illinois business, which violated the FDCPA by causing communication to be sent to the plaintiff in New York.

7.     Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.     Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.     Plaintiff received direct communications from defendant, who caused the collection letters complained of herein to be sent to the home address of plaintiff within one year of the filing of this complaint.

10.    Said communications were attempts to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11.    This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") with addresses located in the United States who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways

2

indicated within this complaint. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12.    This action is properly maintained as a class action.    The Class satisfies all the requirements of Rule 23 for maintaining a class action.

13.    The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices and/or voicemails from the defendant, which violate various provisions of the FDCPA.

14.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member.  These common questions of law and fact include, without limitation:

    a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692g.

    b.    Whether plaintiff and the Class have been injured by the conduct of the defendant; and

    c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15.     The claims of Plaintiff are typical of the claims of the Class.  The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the classes.

16.     Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

17.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  No unusual difficulties are likely to be encountered in the management of this class action.

18.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the members of the Class will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19.     Defendant has acted on grounds generally applicable to the Class in its entirety, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21.     Upon information and belief, the collection letters that plaintiff received are form letters

4

sent by defendant to the plaintiff. Attached as Exhibit A is a redacted copy of one of the collection letters received by plaintiff.

22.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23.     Defendant violated section 1692e and 1692g by communicating to the consumer in English and providing the required notices in Spanish only.

24.     Defendant also violated the act by the insertion of language indicating that "Due to the accrual or addition of interest charges etc." It is unclear whether the letter indicates there are other amounts owed that have already accrued but are not otherwise included in the given balance or whether the letter is simply stating that there may be other amounts that may accrue in the future. Because this language leads to uncertainty as to the amount that is presently owed it violates section 1692g.

        **WHEREFORE,** plaintiff respectfully requests that the Court enter judgment as follows:

        a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

        b)      Awarding plaintiff and the class statutory damages;

        c)      Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

5

d)      Awarding plaintiff and the class such other and further relief as the Court may

deem just and proper.


Dated:   Cedarhurst, New York
         October 30, 2011


Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz, Esq.
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile   (516) 706-2404

6

**LEADING EDGE**
RECOVERY SOLUTIONS

PO Box 129
Linden MI 48451-0129
ADDRESS SERVICE REQUESTED

| Account # | | Balance |
|---|---|---|
| 15640274 | ********* | $2,849.00 |

CAPITAL ONE BANK (USA), N.A.

October 3, 2011

Cecil Kaplan
New York, NY:

Leading Edge Recovery Solutions, LLC
5440 N Cumberland Ave STE 300
Chicago, IL 60656-1490

*** Detach Upper Portion and Return with Payment ***

| Account # | Client Reference # | Balance |
|---|---|---|
| 15640274 | | $2,849.00 |

Creditor:
CAPITAL ONE BANK (USA), N.A.

Dear Cecil Kaplan:

As of the date of this letter, you owe $2,849.00. Due to the accrual or addition of interest charges, late charges, or other charges which you have authorized or for which you are otherwise legally liable, the amount due on the day that you pay may be greater. Accordingly, if you pay the amount above, an adjustment may be necessary after we receive your payment. For further information please write or call us at the number below.

Your delinquent CAPITAL ONE BANK (USA), N.A. account has been placed with our company for collections. We have been authorized to collect the outstanding amount owed.

We must determine whether you have willful intentions in resolving this indebtedness. Furthermore, we have been authorized to recommend whether or not our client should refer this matter to their attorney network for a review to determine whether legal action should be commenced against you.

A menos que Ud. se comunique con esta oficina antes de los 30 días de haber recibido este aviso para discutir la validez de esta deuda o cualquier porción de ella, nuestra oficina supondrá que la deuda es válida. Si Ud. manda notificación escrita dentro de 30 días de haber recibido este aviso, que se dispute la validez de la deuda o cualquier porción de ella, esta oficina obtendrá verificación de la deuda o una copia de la orden jurídica y le enviará una copia de tal orden o verificación. Si Ud. manda una solicitud escrita a esta oficina dentro de 30 días de haber recibido este aviso, esta oficina le proveerá el nombre y la dirección del acreedor original si es diferente al acreedor actual.

If you are not exercising the aforementioned rights as afforded by 15 U.S.C. §1692g(a), we hereby demand that you remit payment in full.

To discuss your account, call us at (888) 306-9058.

Sincerely,

Collections Department
(888) 306-9058

**Hours of Operation:**
Monday-Thursday 8:00am - 9:00 pm CST / Friday 8:00am - 5:00 pm CST / Saturday 8:00am - 12 Noon CST

ste es un intento de coleccionar una deuda. Toda información obtenida será utilizada para este propósito. Esta informaci viene de un coleccionista de deudas.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**